IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:02-cr-00055 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| SHAWN DEVON WHITE ) | United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendant Shawn Devon White's 28 U.S.C. § 2255 motion to vacate his 2002 conviction for using a firearm during and relation to a crime of violence. (Dkt. No. 43.) The government moves to dismiss White's motion. (Dkt. No. 46.)

For the reasons stated below, this motion will be denied.

I.  BACKGROUND

In 2002, White was found guilty of one count of assaulting or impeding an officer, 18 U.S.C. § 111, in addition to one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The evidence at trial demonstrated that White approached a United States postal carrier and asked the carrier for his wallet. The carrier said no, and White put a gun in the carrier's face and took his wallet. (Presentence Investigation Report (PSR) ¶ 3, Dkt. No. 25.) White was sentenced to 64 months imprisonment on the first count and a mandatory consecutive sentence of 84 months on the § 924(c) count.

II.  ANALYSIS

**A.  Section 2255**

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United*

*States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).  In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  § 2255(b).  The record in this case conclusively establishes that White is not entitled to relief, so the court may address the motion without an evidentiary hearing.

**B.  18 U.S.C. § 924(c) Residual Clause**

White argues that his conviction on the § 924(c) count should be vacated pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause in § 924(c) violates due process.  White's motion is timely because *Davis* applies retroactively to cases on collateral review.  *See* § 2255(f)(3) (providing that the one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (finding that "the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016), establishes the retroactivity of *Davis*"); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019).

In response, the government moves to dismiss the motion and argues that White is not entitled to relief because White's conviction does not depend on the residual or "risk of force" clause of § 924(c)(3)(B).  Instead, White's predicate offense (assault with a deadly weapon against a federal employee in violation of § 111(b)) qualifies as a crime of violence pursuant to the force clause, § 924(c)(3)(A), which covers a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *See United States v. Rafidi*, 829 F.3d 437, 443–46 (6th Cir. 2016) (assault with a dangerous weapon in violation of §

2

111(b) is a force clause offense); *United States v. Taylor*, 848 F.3d 476, 491–95 (1st Cir. 2017) (§ 111(b) qualifies as a crime of violence under the force clause); *Larode v. United States*, 366 F. Supp. 3d 561, 570–72 (E.D. Va. 2019).

Section 111 provides as follows:

> (a) In general.—Whoever—
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated [as a federal officer] while engaged in or on account of the performance of official duties; or
>>
>> (2) forcibly assaults or intimidates any person who formerly served [as a federal officer] on account of the performance of official duties during such person's term of service,
>
> Shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), *uses a deadly or dangerous weapon . . .* or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (emphasis added). After reviewing the indictment, jury verdict form, and available transcripts alluding to the jury instructions, White concedes that, although the indictment does not charge a violation of § 111(b) by code section, it does allege that the assault was committed "by means and use of a dangerous weapon, that is a unknown type of handgun resembling a large frame revolver." (Dkt. No. 49.) In other words, White's § 924(c) conviction is valid pursuant to the force clause because the jury found that White used a weapon while assaulting a federal officer. *See Rafidi*, 829 F.3d at 445 ("In order to establish a violation of § 111(b) . . . , the government must establish a violation of § 111(a) in addition to the use of a deadly or dangerous weapon or the infliction of bodily injury"). Therefore, White's conviction is not affected by the Supreme Court's

ruling that the residual clause violates due process, and his motion to vacate his § 924(c) conviction will be denied.

## C. Certificate of Appealability

The court must also determine whether White is entitled to a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  The court will decline to issue a certificate of appealability because White has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his claim to be debatable or wrong.

### III.  CONCLUSION

For the foregoing reasons, the court will deny White's 2255 motion, grant the government's motion to dismiss, and decline to issue a certificate of appealability.  The court will issue an appropriate order.

Entered: November 10, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge