IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:02-cr-00055 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| SHAWN DEVON WHITE | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Shawn Devon White has moved for compassionate release pursuant to the First Step Act. (Dkt. No. 52.)  Pursuant to Standing Order 2019-1, the Federal Public Defender was appointed to represent White for purposes of this motion, but declined to file a supplement in support of White's motion and requested that he be allowed to proceed pro se.  (Dkt. Nos. 53 and 56.)  The government filed a response (Dkt. No. 58), and the court finds that no hearing on the motion is necessary.  For the reasons stated below, the court will deny White's motion.

I.  BACKGROUND

In 2002, White was found guilty of one count of assaulting or impeding an officer, 18 U.S.C. § 111, in addition to one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  The evidence at trial demonstrated that White approached a United States postal carrier and asked the carrier for his wallet.  The carrier refused, and White put a gun in the carrier's face and took his wallet.  (Presentence Investigation Report (PSR) ¶ 3, Dkt. No. 25.)  White was sentenced to 64 months imprisonment on the first count and a mandatory consecutive sentence of 84 months on the § 924(c) count.  White's projected release date is August 2, 2022.[1]

---

[1]  *See* https://www.bop.gov/inmateloc/ (last visited Oct. 27, 2021).

In addition to the foregoing, White has a lengthy criminal history, including convictions for forcible sodomy, robbery, use of a firearm in the commission of forcible sodomy, possession of a firearm after being convicted of a felony, and rape.  (PSR ¶¶ 25–26.)

White is 38 years old.  He suffers from hypertension and bronchitis.  He characterizes himself as "high risk" for diabetes but does not currently have the disease.  (Dkt. No. 52-1.) White is being housed at FCI Beckley.  Currently, Beckley has one inmate and one staff member that have tested positive for COVID-19,[2] and it has vaccinated about 75% of its inmates.[3]

## II.  ANALYSIS

### A.  Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the court must consider the applicable factors set forth in

---

[2]  *See* https://www.bop.gov/coronavirus/ (last visited Oct. 27, 2021).

[3]  Currently, 1098 of 1454 inmates at FCI Beckley have been vaccinated.  *See* https://www.bop.gov/coronavirus/ (last visited Oct. 27, 2021).

section 3553(a) and the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Therefore, a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284. While the Sentencing Commission Policy Statement in section 1B1.13 is not dispositive, it "remains helpful guidance," *id*. at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section. Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process). Of course, this guidance is not controlling.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787

(W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t).

## B.  Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement.  The court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar but is a claims-processing rule that may be waived.  *See United States v. Brown*, Criminal No. 7:19-cr-00036, 2020 WL 4506798, at \*3 (W.D. Va. Aug. 5, 2020).  Here, White's administrative request for release was denied (Dkt. No. 52-1), and the government does not contest that White has exhausted his administrative rights within the Bureau of Prisons.  Therefore, the exhaustion requirement does not stand in the way of granting relief to White.

## C.  Extraordinary and Compelling Reasons

The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release.  See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus.  *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021).

White argues that his health conditions, combined with the presence of positive COVID-19 cases at FCI-Beckley, constitute extraordinary and compelling reasons for compassionate release.  One CDC list of diseases placing individuals at higher risk of severe illness due to

COVID-19 does not include hypertension, bronchitis, or being high risk for diabetes (without a diagnosis).  *See* Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions-html (last visited Oct. 27, 2021).  In noting conditions for health care providers, one list does note hypertension as a possibility, supported by mixed evidence.  See Centers for Disease Control & Prevention, *Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Providers,* https://www.cdc.gov/coronavirus/2019-ncov /hcp/clinical-care/underlying conditions.html (last visited Oct. 27, 2021).

Even if White could establish that he has an underlying medical condition making him more susceptible to the effects of COVID-19, it does not mean that he is entitled to compassionate release.  The court must also look at whether White has a particularized risk of contracting COVID-19 in prison.  A hypothetical possibility of a COVID-19 outbreak, however, is insufficient to show a particularized risk of contracting COVID-19 at FCI Beckley.  Currently, FCI Beckley has one inmate and one staff member who have tested positive for COVID-19.  Additionally, it appears that the extensive COVID-19 measures taken by the Bureau of Prisons are working at FCI Beckley.  For measures, *see* https://www.bop.gov/recources/news/2020313 _covid-19.jsp (last visited Oct. 27, 2021).  Furthermore, Beckley's inmate vaccination rate is good.  While the court appreciates White's concern about contracting COVID-19 in prison, he has not shown he has a particularized risk of contracting the virus at Beckley.  Therefore, White has not shown an extraordinary and compelling reason for compassionate release, and, because While has not met this threshold, the court need not consider the sentencing factors.

Therefore, White has not established a justification for compassionate release.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that White's motion for compassionate release (Dkt. No. 52) is DENIED.  The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: October 27, 2021.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge